UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMAND PANLASIGUI ABAYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 1337 |
| v. ) | |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | Judge Kennelly |
| Department of Homeland Security, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION**

**Introduction**

Plaintiff applied to adjust his immigration status to a lawful permanent resident. The District Director denied the application. Plaintiff filed this action seeking review of the denial. Because Congress has closed the door to district court review of this decision and because plaintiff in not waiting to go to immigration court has failed to exhaust administrative remedies, this court lack subject matter jurisdiction over the complaint.

**Statement of Facts**

As alleged in the complaint, plaintiff Armand Abaya filed an application for adjustment of status in February 2007 based on his approved visa petition as the unmarried child under 21 years of age of a lawful permanent resident. Complaint, ¶¶ 11, 15. In September 2007, the Bureau of Citizenship and Immigration Services ("USCIS") denied Abaya's application for adjustment of status. *Id.*, ¶ 19. Abaya moved to reconsider the denial and in February 2008, USCIS denied that motion. *Id.*, ¶¶ 20-21. The complaint does not allege that Abaya presented his case to the

immigration court or has otherwise been placed in removal proceedings, and it does not raise a constitutional issue.

## Argument

Federal courts are courts of limited jurisdiction and have no authority to adjudicate cases outside their purview. *International Union of Operating Engineers, Local 150, AFL-CIO v. Rabine*, 161 F.3d 427, 430 (7th Cir. 1998). A federal court must assure itself that it possesses jurisdiction over the subject matter before it can proceed to take any action respecting the merits of the action. *Cook v. Winfrey*, 141 F.3d 322, 324 (7th Cir. 1998). The court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003). The burden of proof is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

Here, Abaya comes directly to this court from the USCIS District Director's refusal to adjust his status. There is no subject-matter jurisdiction for him to do so. First, Congress provided that no court shall have jurisdiction to review any decision regarding the granting of relief of adjustment of status. U.S.C. § 1252(a)(2)(B); *McBreaty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000). Second, Abaya appropriate remedy from the District Director's denial of his application is the renewal of his application before the immigration court. *McBreaty*, 212 F.3d at 987; 8 C.F.R. § 245.2(a)(5)(ii). In fact, the Seventh Court has said that suits seeking review in the district court of the District Director's denial of an adjustment application are "thoroughly frivolous."

**Conclusion**

Based on the foregoing, the complaint should be dismissed.

>Respectfully submitted,
>
>PATRICK J. FITZGERALD
>United States Attorney
>
>By:  s/ James M. Kuhn, Sr.
>   JAMES M. KUHN, SR.
>   Assistant United States Attorney
>   219 South Dearborn, Room 500
>   Chicago, Illinois 60604
>   (312) 353-1877
>   james.kuhn @ usdoj.gov