UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMAND PANLASIGUI ABAYA,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL CHERTOFF, Secretary,<br>DEPT. OF HOMELAND SECURITY,<br>*et al.*,<br>　　　　Defendants. | Case No. 08 C 1337<br><br>Judge Matthew F. Kennelley |

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

### INTRODUCTION

Defendants are seeking to dismiss Plaintiff's Complaint against them, claiming lack of subject matter jurisdiction. Plaintiff hereby asserts that subject matter jurisdiction clearly attaches to his Complaint, as subject matter jurisdiction is based upon 28 U.S.C.§ 1331, and also the action arises under the Immigration & Nationality Act (the "Act"), 8 U.S.C. §§ 1551 *et seq.* and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* To support APA jurisdiction, the agency action must be final, it must adversely affect the party seeking review, and it must be non-discretionary. 5 U.S.C. § 701 *et seq.* Under the APA, the District Court has jurisdiction to review Defendants' determination of Plaintiff's statutory eligibility for adjustment of status ("AOS") under the federal Child Status Protection Act ("CSPA") because Defendant's decision was a final decision, it adversely affected Plaintiff, and it was non-discretionary. *Id.*

Defendants moved to dismiss this action alleging that it lacks subject matter jurisdiction, claiming Congress has precluded federal courts from retaining jurisdiction over this cause of action and that Plaintiff failed to exhaust administrative remedies because he has not appeared in immigration court or been placed in removal proceedings. The motion to dismiss merely recycles

1

an argument with respect to lack of subject matter jurisdiction under 8 U.S.C. §1252(a)(2)(B), and it fails to acknowledge that the Plaintiff raises a purely legal question of statutory eligibility under federal law. Instead, the Government erroneously cites *McBreaty v. Perryman* for the proposition that suits seeking review of an AOS application in the District Court are "thoroughly frivolous". 212 F.3d 985, 987 (7th Cir. 2000). The Defendant fails to take into consideration contrary case law permitting judicial review of such applications. The Defendants' motion to dismiss for lack of subject matter jurisdiction has no merit and should be denied.

## FACTS

Plaintiff submitted an application for AOS under the protection of the CSPA on February 28, 2007 based on an approved visa petition as the unmarried child (under 21 years of age) of a lawful permanent resident. *Complaint*, ¶¶ 11, 15. On September 5, 2007, the U.S. Citizenship and Immigration Services ("USCIS") denied Plaintiff's AOS application, claiming that he did not qualify for coverage under the CSPA and that there was thus no visa immediately available. *Id.*, ¶19. Plaintiff then filed a Motion to Reopen and Reconsider on October 5, 2007. *Id.*, ¶20. On or about February 4, 2008, USCIS denied that motion. *Id.*, ¶¶ 20-21. Plaintiff filed this action in this court on March 5, 2008, seeking review of the denial of the Motion to Reopen and Reconsider as well as the underlying application for AOS under the federal statutory protection of the CSPA. On April 18, 2008, Defendants sent a letter to Plaintiff's attorney acknowledging receipt of Plaintiff's complaint. The letter overgeneralized that judicial review of the USCIS District Director's denial of AOS was patently inappropriate because "not only do federal courts lack jurisdiction over your cause of action, but that a suit such as this is 'thoroughly frivolous'." Such overstatements about limitations of the power of federal courts over Service decisions involving federal statutes are accusatory strong-arm tactics. This Court should not allow itself to be distracted by inappropriate assertions that Plaintiff's claim is frivolous. On April 22, 2008, Defendants moved to dismiss this action, alleging that this action lacks subject matter jurisdiction because in Defendants' minds Congress has completely closed the door to any federal court review, and because Plaintiff supposedly failed to exhaust administrative remedies in not waiting to be subjected to removal in immigration court. See Memorandum in Support of

Motion to Dismiss. Page 1. Plaintiff submits the following legal arguments in response, showing that subject matter jurisdiction is completely proper in this case of federal question.

## ARGUMENT

### I. DEFENDANTS ERRED IN DETERMINING THAT THE FEDERAL COURTS LACKS SUBJECT MATTER JURISDICTION OVER THIS TYPE OF ACTION

#### A. SUBJECT MATTER JURISDICTION IS PROPER UNDER THE APA

With respect to subject matter jurisdiction, this case presents a familiar instance of non-discretionary actions and legal determinations which remain subject to judicial review by this Court under §1331, the APA, 5 U.S.C. §701 *et seq.* and the INA. To support APA jurisdiction, the agency action must be final, it must adversely affect the party seeking review, and it must be non-discretionary. *Id.* In addition, subject matter is provided, at a minimum, by 28 U.S.C. §1331. See e.g., *Califano v. Sanders*, 430 U.S. 99 (1977); *Burger v. McElroy*, 1999 U.S. Dist. LEXIS 4854 (S.D.N.Y. 1999). The Court in *Burger v. McElroy* determined that subject matter jurisdiction exists under 28 U.S.C. §1331 to review claimed legal errors in the denial of an AOS application. Moreover, contrary to the Defendant's argument that "federal courts are courts of limited jurisdiction and have no authority to adjudicate cases outside their purview" (Memorandum of Law, page 2), the existence of subject matter jurisdiction is further supported in "the strong presumption that Congress intends judicial review of administrative action." *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670 (1986). Furthermore, the Plaintiff raises a purely legal question with respect to statutory eligibility for AOS under Section 245 of the Immigration and Nationality Act ("INA"), namely whether Plaintiff is protected under the CSPA and thereby eligible for AOS. In short, although AOS under Section 245 may ordinarily be discretionary, AOS here was denied not in the exercise of discretion, but purely on a wrongful legal determination by Defendants of Plaintiff's ineligibility under the CSPA.

Under the APA, the District Court has jurisdiction to review Defendants' determination of Plaintiff's statutory eligibility for AOS in this case because Defendants' decision was a final decision, it adversely affected Plaintiff, and it was non-discretionary. 5 U.S.C. § 701 *et seq.*; *Pinho v. Gonzales*, 432 F.3d 193 (2005). The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of relevant statute, is entitled to judicial review thereof." 5 U.S.C. §702. It also provides that "a preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. §704.

### A. DEFENDANTS' ACTION IS FINAL.

The Court retains subject matter jurisdiction because the Department of Homeland Security's action is final. In this case, Plaintiff has exhausted his administrative remedies, making the agency action final. Defendants requested that the Court dismiss this action because "in not waiting to go to immigration court" Plaintiff has purportedly failed to exhaust administrative remedies. But this case is not simply about AOS; it is about the applicability of a federal law meant to statutorily protect children from the harm experienced, not as a result of any wrongful act on their part, but from the simple passage of time. There are no further procedures Plaintiff could invoke to obtain review of his claim of statutory eligibility for AOS under the CSPA.

The Supreme Court held that two conditions must be satisfied for agency action to be "final." *Bennett v. Spear*, 520 U.S. 154, 178 (1997). First, the action must mark the "consummation" of the agency's decisionmaking process, *Chicago & Southern Air Lines, Inc. v. Waterman S. S. Corp.*, 333 U.S. 103, 113, 92 L.Ed. 568, 68 S. Ct. 431 (1948), i.e., it must not be of a merely tentative or interlocutory nature. In this case, all administrative action was exhausted, as a Motion to Reopen and Reconsider was the final remedy available to Plaintiff and concluded Defendants' decisionmaking process in relation to this matter. Secondly, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow," *Port of Boston Marine Terminal Assn. v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71, 27 L. Ed. 2d 203, 91 S. Ct. 203 (1970). Denial of Plaintiff's application for AOS, because

the CSPA was wrongfully adjudged inapplicable, has prevented Plaintiff from obtaining legal resident status to which he is entitled.

Finality requires exhaustion of administrative remedies. If there remain steps that Plaintiff can take to have an action reviewed within the agency, then the action is not final and judicial review is premature. <u>Chen v. Reno</u>, 1997 WL 316482 (S.D.N.Y.); <u>Darby v. Cisneros</u>, 509 U.S. 137 (1993).

> In <u>Darby</u>, the Court found:
> Agency action is final when the "aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule....[W]here the APA applies, an appeal to 'superior agency authority is a prerequisite to judicial review only when expressly required by statute or when an administrative rule requires appeal before review and the administrative action is made inoperative pending that review.

<u>Darby</u>, *supra* at 154.

In <u>Chen</u>, the District Court found that Chen had exhausted his administrative remedies, because as a denied applicant for AOS not in deportation proceedings, he had no further options under the regulatory scheme to force a prompt decision by the INS, thus jurisdiction lies with the Court. <u>Chen</u>, *supra*.. In accordance with <u>Chen</u>, subject matter jurisdiction exists to review a denied application of an alien, such as Plaintiff, against whom removal proceedings have not yet been commenced and, accordingly has no opportunity for renewal of his application before an immigration judge and has exhausted all administrative remedies. Plaintiff is in lawful status as an H-1B visa holder and thus initiation of removal proceedings would be wholly inappropriate. The Defendants' motion to dismiss for lack of subject matter jurisdiction should thus be denied.

The District Court in <u>Chen</u> approved the reasoning in <u>Chan v. Reno</u>, 113 F.3d 1068, 1997 WL 245204 (9th Cir. 1997), because "requiring a denied applicant to wait until deportation proceedings have been commenced against her would leave denied applicants who are not in deportation proceedings with no possible remedial options for an indefinite period of time." The Department of Homeland Security may or may not choose to institute removal proceedings, in which the AOS application could be reviewed before an immigration judge; but this possibility was and is too speculative to render the decision non-final, particularly given Defendants'

approval of Plaintiff's H-1B visa pursuant to which Plaintiff remains lawfully present in the United States. Thus, all of Plaintiff's administrative remedies have been exhausted.

### B. THE AGENCY ACTION MUST ADVERSELY AFFECT THE PARTY SEEKING REVIEW.

For the Court to retain jurisdiction under the APA, the denial of Plaintiff's AOS application must adversely affect Plaintiff. The U.S. Supreme Court has held that the determination of ineligibility to adjust status adversely affects an applicant. *McCarthy v. Madigan*, 503 U.S. 140 (1992). In *McCarthy*, the Court found that circumstances in which an "indefinite timeframe for administrative action" results in prejudice to an individual such as Plaintiff who must await that action, and that there are situations in which "the interests of the individual weigh heavily against requiring administrative exhaustion." *McCarthy*, supra at 146, 147. Here, Defendants' determination itself has prevented Plaintiff from obtaining status as a lawful permanent resident, which clearly is an adverse effect on Plaintiff, one which raises the possibility that Plaintiff "may suffer irreparable harm if unable to secure immediate judicial consideration of his claim." *McCarthy*, supra at 147.

### C. THE AGENCY ACTION MUST BE NON-DISCRETIONARY.

In this case, Plaintiff raises a purely legal question with respect to statutory eligibility for AOS under Section 245 of the INA, namely whether Plaintiff is protected under the CSPA and whether he "sought to acquire" status within one year of visa availability. In an unpublished decision, the Board of Immigration Appeals ("BIA") has concluded that "sought to acquire" under the CSPA does not require filing for permanent residency, and the BIA has rightfully determined that the plain language of the statute obviously indicates that Congress intended those words to be broader than "filed", recognizing that Congress intended the CSPA to be interpreted broadly. The BIA held that "sought to acquire" includes acts that "make an attempt to get or obtain" or "try to acquire or gain," which includes "hiring counsel" *Matter of Kim*, No. A-77-828-503 (BIA 2004). The determination at issue here is precisely such a determination: whether under the plain meaning of the statutory language of the CSPA—language already interpreted by the BIA—Plaintiff "sought to acquire" an immigrant visa so as to protect him

under the CSPA and render him eligible for AOS. This is a legal question, not one reserved for agency discretion.

Under the APA and 8 U.S.C. §1252(a)(2)(B)(ii), review of the agency decision is within the jurisdiction of the District Court only if such decision is not committed to agency discretion. <u>Soltane v. U.S. Dep't of Justice</u>, 381 F.3d 143 (3rd Cir. 2004); <u>Sepulveda v. Gonzales</u>, 407 F.3d 59 (2d Cir. 2005); <u>Burger v. McElroy</u>, supra. Applicability of the CSPA is not a matter of agency discretion. For this reason, 8 U.S.C. §1252(a)(2)(B) simply does not apply here. In <u>Soltane</u>, the Court found that the determination of whether Soltane met the specific eligibility criteria set out in the governing statute was not a matter of discretion. 381 F.3d at 147, 148. Also in <u>Sepulveda</u>, purely legal conclusions made by an agency were determined to remain subject to judicial review. <u>Sepulveda v. Gonzales</u>, supra. The denial decision at issue here was not discretionary because it concerned a purely legal determination of statutory ineligibility, as opposed to a simple denial of AOS on discretionary grounds. The determination at issue here is whether Plaintiff qualifies under CSPA for AOS and whether, pursuant to the plain meaning of the statute he "sought to procure" an immigrant visa within one year of a visa number first becoming available. Such determination is not committed to the discretion of the Department of Homeland Security.

## II. DEFENDANTS ERRONEOUSLY ASSERTED THAT CONGRESS HAS PRECLUDED FEDERAL JUDICIAL REVIEW OF PLAINTIFF'S ACTION

Judicial review has been permitted on numerous occasions by Federal Courts in various Circuits, and the Courts have determined that there are situations in which they do, in fact, have subject matter jurisdiction to review decisions regarding the granting of relief of AOS, regardless of 8 U.S.C. §1252(a)(2)(B) (also referred to as INA §242(a)(2)(B)). The Third Circuit in <u>Pinho v. Gonzalez</u>, 432 F.3d 193, 200-04 (3d Cir. 2005), noted, "Neither INA §242(a)(2)(B), nor principles of exhaustion, barred the district court under the APA from reviewing a legal determination as to whether a person with a substantive vacated conviction could adjust status." In <u>Sepulveda v. Gonzales</u>, 407 F.3d 59 (2d Cir. 2005), the Second Circuit Court determined that the §242(a)(2)(B)(i) bar to reviewability of an agency AOS decision does not extend to nondiscretionary decisions of whether a person is eligible as a matter of law for adjustment under

7

§245(i), even if such arises in the context of the review of a motion to reopen or reconsider. The Seventh Circuit has concluded that §242(a)(2)(B)(ii) does not bar review of the denial of a motion to reopen for AOS. *Singh v. Gonzales*, 404 F.3d 1024, 1026-27 (7th Cir. 2005). Therefore, this Court does in fact have subject matter jurisdiction over Plaintiff's action, as the denial of the motion to reopen and application for adjustment of status was not discretionary, but rather based on a legal issue that is reviewable.

Congress did not intend 8 U.S.C. §1252(a)(2)(B) to preclude the courts from reviewing *all* decisions related to applications for AOS, and the courts have interpreted the statute and Congress' intention as permitting judicial review of matters relating to decisions regarding the granting of relief of AOS. In *Mart v. Beebe*, a sister federal District Court rejected the preclusion statute's applicability to prevent the review of AOS applications that are not in removal proceedings. 94 F.Supp.2d 1120 (D. Or. 2000). *See also, e.g., Medina-Morales v. Ashcroft*, 371 F.3d 520, 526-31 (9th Cir. 2004) (no judicial bar to petition for review of motion to reopen for adjustment under INA §242(a)(2)(B)(i) or (ii)); *Hernandez v. Ashcroft*, 345 F.3d 824, 845-47 (9th Cir. 2003) (In response to claim by BIA of denial of adjustment on discretionary grounds, District Court found jurisdiction because denial based on legal conclusion that nonviable marriage precluded adjustment). The determination at issue here is precisely a legal determination: Whether Plaintiff "sought to acquire" an immigrant visa within one year so as to protect him under the CSPA and render him statutorily eligible for AOS. This is a legal question, not one committed to agency discretion. For this reason, jurisdiction is proper in the District Court. The Court does not lack subject matter jurisdiction.

Post IIRAIRA, the Courts have determined that other judicial review provisions such as INA §242(g) and §309(c)(4)(E) do not preclude judicial review of matters relating to the grant of relief of AOS. In *Dillingham v. INS*, 267 F.3d 996, 1003 (9th Cir. 2001), the Ninth Circuit indicated "[The] discretionary bar under IIRAIRA, §309(c)(4)(E), does not prevent review of denial of adjustment of status application that was based upon statutory ineligibility because the Board of Immigration Appeals treated foreign expungement as a conviction." In addition, in *Sabhari v. Reno*, 197 F.3d 938, 941-43 (8th Cir. 1999), the Eighth Circuit held that post IIRAIRA, neither §242(g) nor the change in §1329 barred jurisdiction to review the denial of an I-130,

8

Petition for Alien Relative or Adjustment of status application. Section 242(a)(2)(B) is not as all encompassing as Defendants would lead this Court to believe. Therefore, jurisdiction is proper with this Court, as Plaintiff has requested review of the denial of the motion to reopen and application for AOS which was not in connection with a discretionary matter; rather it is based on a reviewable legal issue.

## CONCLUSION

Therefore, USCIS' denial of Plaintiff's motion to reopen and reconsider and denial of his adjustment application meet the requirements for proper subject matter jurisdiction under the APA because there has been a final agency decision that adversely affected Plaintiff. In addition, federal case law indicates there is no absolute judicial bar to review of a denial of a motion to reopen and reconsider an application for AOS under INA §242(a)(2)(B). Subject matter jurisdiction is proper in this Court as it is based upon 28 U.S.C. §1331, and the action arises under the INA, 8 U.S.C. §§ 1551 *et seq.* and APA, 5 U.S.C. § 701 *et seq.* Plaintiff has clearly established proper authority for subject matter jurisdiction. As such, Defendants' Motion to dismiss for lack of subject matter jurisdiction lacks merit and should be denied.

Dated: May 28, 2008

Respectfully submitted,

s/ Christine Contreras
CHRISTINE M. CONTRERAS
CALMEC Global Law Group
1880 W. Winchester Road, Suite 206
Libertyville, IL 60048
ccontreras@calmec-law.com
Phone(847)996-0888/Fax 847-996-0899
Attorney for Plaintiff, Armand Abaya