UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMAND PANLASIGUI ABAYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 1337 |
| v. ) | |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | Judge Kennelly |
| Department of Homeland Security, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

**Introduction**

Plaintiff Armand Abaya, whose application to adjust his immigration status from a non-immigrant student to a lawful permanent resident was denied by the District Director, filed this action seeking reversal of that denial. Defendants moved to dismiss for lack of subject matter jurisdiction because Congress by statute has affirmatively "closed the door" to such review and because Abaya failed to exhaust administrative remedies in that he had not renewed his application before the immigration court.

Abaya responds arguing that jurisdiction exists under the general federal question jurisdiction statute, 28 U.S.C. § 1331, the Immigration and Nationality Act, and the Administrative Procedures Act. Because the law of this circuit severely limits the court's ability to review adjustment of status decisions, and it requires administrative exhaustion by first proceeding to the immigration court, the motion to dismiss should be granted.

**Argument**

Regardless of what Abaya argues, federal courts are courts of limited jurisdiction and have no authority to adjudicate cases outside their purview. *International Union of Operating Engineers, Local 150, AFL-CIO v. Rabine*, 161 F.3d 427, 430 (7th Cir. 1998). Congress can grant jurisdiction and Congress can take it away. *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1922); *see also Czerkies v. United States Dep't of Labor*, 73 F.3d 1435, 1437 (7th Cir. 1996) (*en banc*) (statutory "door closing" provision to judicial review of federal employees' workers compensation decisions precludes § 1331 jurisdiction); *Murrhee v. Principi*, 364 F.Supp.2d 782, 787 (C.D. Ill.2005) (statute closing door to judicial review of veterans benefits claims defeat assertion of jurisdiction under 28 U.S.C. § 1331).

Abaya comes directly to this court from the USCIS District Director's denial of adjustment of status. Although Abaya argues to the contrary, this case is one seeking review of the denial of an application for adjustment of status under 8 U.S.C. § 1255. It is not a case concerning the denial of a visa application nor is it one interpreting the Child Safety Protection Act.

**1.      Congress Has Precluded Judicial Review of Adjustment of Status Decisions.**

The first reason supporting dismissal is that Congress has affirmatively "closed the door" to judicial review of adjustment of status decisions.

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review–
>
> > (i) any judgment regarding the granting of relief under [8 U.S.C. § 1255].

8 U.S.C. § 1252(a)(2)(B).

Although some courts have held that "despite its uncompromising language" this section does not bar judicial review of non-discretionary decisions because the subsection is captioned "discretionary denials of relief," the Seventh Circuit does not share that view. *Cevilla v. Gonzalez*, 446 F.3d 658, 661 (7th Cir. 2006); *Pinho v. Gonzales*, 432 F.3d 193, 204 (3d Cir. 2005). Finding that the exceptions in subparagraph (D) explicitly confine any judicial review to constitutional questions and "questions of law," the Seventh Circuit holds that Congress intended "question of law" review to be limited to only "statutory-construction questions." *Cevilla*, 446 F.3d at 661.[1] Abaya's complaint raised neither a constitutional question or a question of statutory construction.

Abaya tries to get around the door closing provision by arguing that the complaint raises a "purely legal question" of law. Resp. at 2 ("raises a purely legal question of statutory eligibility under federal law"); Resp. at 3 ("raises purely legal question with respect to statutory eligibility for [adjustment of status]"); Resp. at 7 ("concerned a purely legal determination of statutory eligibility"); Resp. at 8 ("whether plaintiff "sought to acquire" visa within one year is a "legal question"). Abaya ignores precedent caselaw holding that questions of law subject to judicial review are limited to "statutory-construction questions." *Cevilla*, 446 F.3d at 661.

---

[1] Subsection (D) provides:

> Judicial review of certain legal claims
>
> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D).

Although the motion to dismiss was supported by caselaw from this circuit, Abaya's argument is supported solely by caselaw from district courts and other circuits, with one exception. Abaya does cite to *Singh v. Gonzalez*, 404 F3.d 1024 (7th Cir. 2005) for the proposition that § 1252 does not bar judicial review of denials of motions to reopen for an adjustment of status. Unfortunately for Abaya, *Singh* was decided in April 2005, one month before the May 11, 2005 enactment of the Read ID Act that closed the door to judicial review of adjustment of status denials.[2]

Notwithstanding the door closing statute, Abaya argues that this court still has jurisdiction under the Administrative Procedures Act. He argues that because the agency decision was final, it adversely affected him, and was non-discretionary,[3] the APA automatically grants this court jurisdiction. Resp. at 4. However, by its express terms the APA cannot provide subject-matter jurisdiction. Section 701 provides that the APA applies only to the extent that no other "statutes preclude judicial review." 5 U.S.C. § 701(a)(1). The general jurisdiction grant of APA cannot take precedence over a statute specifically denying jurisdiction as § 1252 does here. Additionally, the APA further provides:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of

---

[2] The REAL ID Act 0f 2005, Pub.L. No. 109-13, 119 Stat. 231, amended 8 U.S.C. § 1252 and became effective on May 11, 2005.

[3] Abaya's sole support for the non-discretionary prong is an unpublished decision from the Board of Immigration Appeals and it carries no precedential weight. 8 C.F.R. § 1003.1(g); *Leal-Rodriguez v. I.N.S.*, 990 F.2d 939, 946 (7th Cir. 1993).

4

> reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

5 U.S.C. § 704.  Not only is the agency action being challenged not made reviewable by statute, as discussed below it is not a final agency action because Abaya must first seek review before the immigration court.[4]

### 2. Abaya Failed to Exhaust Administrative Remedies.

The second basis for dismissal is that Abaya did not exhaust his administrative remedies. Specifically, after the USCIS District Director denied his application, he was required to renew that application before the immigration court.  8 C.F.R. § 245.2(a)(5)(ii); *McBreaty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000); *Rivera-Durmaz v. Chertoff*, 456 F.Supp.2d 943, 952-953 (N.D. Ill. 2006) ("no recent case appears to permit review by a district court of a district director's decision to deny adjustment of status"); *Afsharzadehyadzi v.Perrryman*, 214 F.Supp.2d 884, 888 (N.D. Ill. 2002); *Holasek v. U.S. Dep't of Justice*, 123 F.Supp.2d. 1126, 1229 (N.D. Ill. 2000).

As the Seventh Circuit stated in *McBreaty*, suits seeking direct review in the district court of the district director's denial of an adjustment application, without first presenting the case to the immigration court, are "thoroughly frivolous."  212 F.3d at 987.  Abaya argues that defendants erroneously cite *McBreaty* for this proposition but he never explains why it is erroneous.  Resp. at 2. Instead, Abaya argues that the defendants' "accusatory strong-arm tactics" "fail to take into

---

[4] Abaya's application sought adjustment from his status as a non-immigrant student to a lawful permanent resident.  In the interim, Abaya obtained and is currently in status with a non-immigrant visa as temporary worker (H1B), available to him only if he had "a residence in a foreign country which he has no intention of abandoning" and if he was "coming temporarily to the United States."  8 U.S.C. § 1101(a)(15)(H).  Abaya is not subject to an order of removal, and he is not in immigration proceedings.

consideration contrary case law permitting judicial review of such applications." *Id.* Yet, Abaya never discusses *McBreaty* — nor does he mention it again in his response — and cites not a single case from this circuit overruling or distinguishing *McBreaty*. Abaya must bring his challenge to the immigration court before coming to the district court.

## Conclusion

Based on the foregoing, the complaint should be dismissed.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:  s/ James M. Kuhn, Sr.
 JAMES M. KUHN, SR.
 Assistant United States Attorney
 219 South Dearborn, Room 500
 Chicago, Illinois 60604
 (312) 353-1877
 james.kuhn @ usdoj.gov