IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ARMAND ABAYA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08 C 1337 |
| | ) |
| **MICHAEL CHERTOFF,** Secretary | ) |
| of Homeland Security; **MICHAEL** | ) |
| **MUKASEY,** Attorney General of | ) |
| of the United States; and **RUTH** | ) |
| **DOROCHOFF,** Chicago District | ) |
| Director, United States Citizenship | ) |
| and Immigration Services, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Armand Abaya has sued Secretary of Homeland Security Michael Chertoff, Attorney General Michael Mukasey, and Ruth Dorochoff, Director of the U.S. Citizenship and Immigration Services ("CIS") Chicago District Office, under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Mr. Abaya seeks to overturn the District Director's denials of his application for adjustment of status ("AOS") to that of lawful permanent resident under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255, and his motion to reopen and reconsider his denied AOS application. The defendants have moved to dismiss Mr. Abaya's action. For the reasons stated below, the Court dismisses the case due to Mr. Abaya's non-exhaustion of administrative remedies.

## Background

Mr. Abaya is a foreign national from the Philippines who is legally residing in the United States on an H-1B temporary worker visa. In April 1999, Mr. Abaya's mother, a lawful permanent resident of the United States, filed an I-130 form to petition for an immigrant visa for Mr. Abaya on the grounds that he satisfied the "second preference" category. Compl. ¶ 11. This category provides preferential treatment under the INA for the allocation of visas to permanent residents' relatives who are unmarried children under the age of twenty-one. 8 U.S.C. § 1153(a)(2)(A); *id.* § 1101(b)(1) (providing the definition of child). At the time Mr. Abaya's mother filed the I-130 form, Mr. Abaya had not yet turned twenty. His petition for a visa remained pending, however, for well over five years. The CIS approved the petition on August 3, 2004, four years after Mr. Abaya turned twenty-one in July 2000. Compl. ¶ 11.

Even though he turned twenty-one before CIS approved his visa petition, Mr. Abaya asserts that the Child Status Protection Act ("CSPA"), 8 U.S.C. § 1153(h), preserves his status as a child under the second preference category. Compl. ¶ 18. So that a visa applicant does not lose his age-based eligibility due to the slow processing of his petition, the CSPA provides that an alien's age for purposes of the second preference category is calculated by subtracting the period of time his petition was pending from his age at the time that a visa number becomes available. 8 U.S.C. § 1153(h). That calculation, if applied to Mr. Abaya, would result in a recalculated age of nineteen. Compl., Ex. B at 2. An alien qualifies for protection under the CSPA only if he has "sought to acquire" permanent resident status within one year of when a visa became available to him. 8 U.S.C. § 1153(h). For this reason, Mr. Abaya needed to

seek to acquire permanent resident status by August 2, 2005, one year after his visa petition was approved.  Compl., Ex. C at 1.

While still in the Philippines, Mr. Abaya began to process his immigrant visa by submitting fee bills and supporting documents to the National Visa Center ("NVC").  Compl. ¶ 12.  In May 2005, he received correspondence from the NVC stating that it had received payment for his Affidavit of Support Fee Bill.  Id. ¶ 18.  Despite this, the Consular Officer at the U.S. Embassy in the Philippines denied his visa application.  Id. ¶ 12.  Mr. Abaya's May 2006 request for reconsideration of his visa application was similarly denied.  Id. ¶ 14.

In the meantime, Mr. Abaya obtained a student visa in December 2004 and legally entered the United States.  Id. ¶ 14.  Mr. Abaya filed his AOS petition with CIS in February 2007, basing his AOS request on his approved I-130 visa petition.  Id. ¶ 15.  CIS denied Mr. Abaya's AOS application in part on the ground that he failed to qualify under the CSPA because he had not "sought to acquire" permanent resident status by August 2, 2005.  Id. ¶ 19.  In October 2007, Mr. Abaya filed a motion to reopen and reconsider his AOS petition.  Id. ¶ 20.  CIS denied the motion in February 2008, concluding that Mr. Abaya's contact with an attorney and processing of paperwork to continue his immigrant visa application did not fulfill the CSPA's "sought to acquire" provision.  Id.

In this suit, Mr. Abaya contends that CIS improperly denied his AOS petition and his motion to reopen and reconsider.  He argues that he fulfilled the CSPA's "sought to acquire" provision by sending fee bills and supporting documents to the NVC before August 2005 so that it would process his visa application.  Id. ¶ 18.  In doing so, Mr.

Abaya seeks to overturn the District Director's decisions denying his petition for AOS and his motion to reopen and reconsider.

## Discussion

Defendants have moved to dismiss Mr. Abaya's claim for lack of subject matter jurisdiction. They argue that the INA, 8 U.S.C. § 1252(a)(2)(B), divests this Court of subject matter jurisdiction over Mr. Abaya's claim. Defendants also contend that the Court cannot review Mr. Abaya's claim because he has not yet exhausted his administrative remedies, as required by the APA. Because the Court concludes that Mr. Abaya's claim is barred by his failure to exhaust his administrative remedies, the Court need not determine whether the INA precludes judicial review.

Defendants contend that Mr. Abaya has not exhausted administrative remedies because he still has the option of reopening his denied AOS petition before an Immigration Judge ("IJ") if and when removal proceedings are commenced against him. Mr. Abaya argues that his motion to reopen and reconsider with the CIS District Director was his final remedy because, as a H-1B visa holder, it would be inappropriate for the authorities to initiate removal proceedings. He argues that if he is not allowed a judicial remedy now, he will be left in limbo unless and until the authorities seek to remove him from the United States.

Unless an agency action is made reviewable by statute, the APA only allows judicial review for "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. An agency action is "final" when it is (1) "the consummation of the agency's decision-making process," and (2) "is an action by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett*

4

*v. Spear,* 520 U.S. 154, 177-78 (1997) (internal quotations omitted).

Even though an AOS applicant cannot appeal from a District Director's AOS denial of his AOS application, the INA provides a mechanism for the applicant to contest the AOS denial in the course of removal proceedings if and when such proceedings are commenced. *See* 8 C.F.R. § 245.2(a)(5)(ii). Once removal proceedings are commenced, the applicant may renew his denied AOS petition may be renewed before an IJ. *Id.* § 245.2(a)(5)(ii); *id.* § 1240.1. If the IJ denies the AOS request, the applicant may appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). *Id.* § 1003.1(b)(3). Finally, if the BIA affirms an IJ's decision to remove an alien, the alien may appeal the BIA's decision in the proper court of appeals. 8 U.S.C. § 1252(b)(2).

In *McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000), the Seventh Circuit concluded that pursuing these steps is a necessary prerequisite to judicial review of an AOS denial. Specifically, the court ruled that a denied AOS applicant who, like Mr. Abaya, was not in removal proceedings must await removal proceedings and then exhaust the full administrative process that the commencement of removal proceedings makes available to him before he may seek judicial review. *McBrearty,* 212 F.3d at 987; *see Cardoso v. Reno,* 216 F.3d 512, 518 (5th Cir. 2000); *Rivera-Durmaz v. Chertoff*, 456 F. Supp. 2d 943, 952 (N. D. Ill. 2006); *Holasek v. U.S. Dept. of Justice*, 123 F. Supp. 2d 1126, 1129 (N.D. Ill. 2000). In this regard, *McBrearty* is not a recent development in the law in this Circuit; it is consistent with the Seventh Circuit's decision in *Massignani v. INS*, 438 F.2d 1276, 1277 (7th Cir. 1971). In that case, the court ruled that judicial review was inappropriate because the denied applicant for permanent residence first needed to create a complete agency record by awaiting removal

proceedings that would allow him to renew his application. *Id. See also, Kashani v. Nelson,* 793 F.2d 818, 827 (7th Cir. 1986) (denying court review of district director's denial of an asylum petition on the ground the plaintiff could renew the request for asylum in ensuing deportation proceedings),

Mr. Abaya relies primarily on *Chen v. Reno*, No. 96 Civ. 5792 (RPP), 1997 WL 316482 (S.D.N.Y. Jun. 11, 1997). The court in *Chen* held that a denied AOS applicant not in deportation proceedings need not wait for removal proceedings and exhaust his administrative remedies before seeking judicial review. *Id.*, at *1. The court concluded that because the applicant was not in removal proceedings, he had no "further options under the regulatory scheme to force prompt decision" by the Immigration and Nationality Service. *Id.* Mr. Abaya contends that because his H-1B visa precludes the initiation of removal proceedings against him, he has no other administrative remedies to pursue. Mr. Abaya also relies on *Chen* to support his contention that the District Director's decision amounts to a final agency action within the meaning of the APA because it is uncertain whether and when the Department of Homeland Security will choose to commence removal proceedings. In *Chen*, the court permitted judicial review in part because it concluded that an indefinite wait for the potential commencement of removal proceedings undermined a litigant's right to a prompt decision. *Id.* at *2 n.2.

The ruling in *Chen* diverges with the law as the Seventh Circuit has declared it. Under *McBrearty*, the current unavailability of an administrative remedy because no removal proceeding is yet pending does not allow Mr. Abaya to take preemptive action by going to court now. *See McBrearty*, 212 F.3d at 987. As our colleague Judge Milton Shadur noted – before *McBrearty* – although the law in this Circuit may not permit

immediate review of the denial of an AOS application, it "does not entirely foreclose ultimate judicial review, but simply defers it for potential presentation at a later date before a different court." *Cruz v. INS*, 871 F. Supp. 1049, 1052 (N.D. Ill. 1995).

One Seventh Circuit decision, which Mr. Abaya has not cited, arguably supports the proposition that a denied AOS applicant need not exhaust administrative remedies before judicial review is appropriate. The court in *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002), recognized that the exhaustion requirement may be excused in some circumstances, including those in which requiring exhaustion would cause prejudice due to "an indefinite time frame for administrative action." *Iddir* characterized a denied AOS applicant awaiting removal proceedings to be a "quintessential example of an indefinite timeframe for administrative action." *Id.* at 498-99. The court in *Iddir* did not, however, overrule *McBrearty*; rather, it distinguished the case on the ground that the agency had denied AOS in *McBrearty* on the merits – just as it did in Mr. Abaya's case – whereas it had denied the application in *Iddir* on non-merits-related grounds. *Id.* at 498.

Mr. Abaya also cites *Singh v. Gonzales*, 404 F.3d 1024 (7th Cir. 2005), and *Medina-Morales v. Ashcroft*, 371 F.3d 520 (9th Cir. 2004), to argue that there is no bar to review of a motion to reopen an AOS petition. Neither *Singh* nor *Medina-Morales* governs Mr. Abaya's case. Unlike Mr. Abaya, the plaintiffs in each of those cases were already in removal proceedings and were seeking judicial review of a BIA decision, and thus they indisputably had exhausted their administrative remedies. *See Singh*, 404 F.3d at 1026; *Medina-Morales*, 371 F.3d at 524.

## Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss

[docket no. 8]. The Clerk is directed to enter judgment dismissing this action for failure to exhaust administrative remedies. The status hearing and ruling date of July 23, 2008 is vacated.

                                                                                     _____
                                                                                     MATTHEW F. KENNELLY
                                                                                     United States District Judge

Date:  July 17, 2008